**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                         CRIMINAL ACTION NO. 5:09-cr-00190

SHAREE WOODSON,

           Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's motion (Document 40), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce the Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 45) The Court has since received materials submitted by the Probation Office and the parties on this issue.

The Defendant was originally sentenced to sixty (60) months in prison, which is the mandatory minimum sentence for a conviction of five (5) grams or more of cocaine base. (Document 36). At the original sentencing, Defendant's total offense level of thirty-one (31) combined with a

Criminal History Category III, produced a Guideline range of one hundred thirty-five (135) to one hundred sixty-eight (168) months in prison. Applying the 2011 amendments to the Guidelines, Defendant's total offense level is reduced to twenty-nine (29), and his resulting Guideline range is one hundred eight (108) to one hundred thirty-five (135) months. Under the amended Guidelines, the Defendant is still subject to the statutory mandatory minimum sentence of sixty (60) months. Therefore, Defendant is not eligible for a sentence reduction. In their respective written responses, both the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 46 and 48). For the reasons stated herein, the Court **ORDERS** that the § 3582 Motion (Document 40) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: December 29, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA